**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,
*Ex Relator* SAID SAMAAN,

    Plaintiff,

v.

GENERAL DYNAMICS LAND
SYSTEMS, INC.,

    Defendant.
_____/

Case No. 16-11907

HONORABLE DENISE PAGE HOOD

**ORDER DENYING PLAINTIFF'S MOTION TO PROCEED *PRO SE*
AND FOR EXTENSION OF TIME TO SERVE DEFENDANT
and
DISMISSING ACTION**

    Individual Plaintiff Said Samaan filed the instant *Qui Tam* False Claims Act Complaint under seal against Defendant General Dynamics Land Systems, Inc. on May 26, 2016. On June 14, 2017, Judge Arthur J. Tarnow[1] entered an Order to Unseal the Complaint after the United States declined to intervene in the action pursuant to the False Claims Act, 31 U.S.C. § 3730(b)(4)(B). (Doc. No. 8) On August 4, 2017, Judge Tarnow entered an Order granting the motion to withdraw as counsel filed by Samaan's counsel and allowed Samaan to secure new counsel within 60 days. (Doc.

---

[1] This matter was reassigned to the undersigned on December 8, 2017.

No. 10)

On September 27, 2017, Samaan filed the instant Motion for *Pro Se* Status and a One Month Extension of Time to Serve. The United States filed a response, indicating that as Samaan noted in his motion, a private person cannot bring a *qui tam* on behalf of the United States without being represented by counsel. (Doc. No. 13, Pg ID 49) Samaan filed a reply agreeing with the United States that he cannot represent the United States' interests without counsel. However, Samaan argues that he can proceed *pro se* as to his claim of retaliatory discharge under 31 U.S.C. § 3730(h) and major fraud against the United States under 18 U.S.C. § 1031(h).

As agreed to by both the United States and Samaan, the FCA makes clear that notwithstanding a relator's statutory right to any recovery under the FCA, the underlying claim of fraud always belongs to the United States. *Stoner v. Santa Clara County Office of Educ.,* 502 F.3d 1116, 1126 (9th Cir. 2007); 31 U.S.C. § 3730(c)(5). Where the government declines to intervene, a relator bringing a *qui tam* action for a violation of § 3729 is representing the interests of the government and prosecuting the action on the government's behalf. *Id.*; 31 U.S.C. § 3730(b)(1). Because *qui tam* relators are not prosecuting only their "own case" but are also representing the United States and binding it to any adverse judgment the relators may obtain, 28 U.S.C. § 1654 does not authorize *qui tam* relators to proceed *pro se* in FCA actions. *Id.* at

1126-27.

The United States, having declined to intervene in this matter, and Samaan, failing to secure counsel to date, the Court denies Samaan's Motion to proceed *pro se* in this matter. Samaan agrees that he is unable to proceed without counsel on any claims against Defendant General Dynamics under the FCA.

The Court also denies Samaan's motion to proceed *pro se* as to any retaliation or discrimination claim he may have against Defendant General Dynamics. In a separate action filed by Samaan, the Court issued an order and judgment against Samaan regarding his employee retaliation and discrimination claims, confirming an arbitrator's finding in favor of Defendant General Dynamics. *See, Samaan v. General Dynamics,* Case No. 11-13869, Doc. Nos. 38 (Order Denying Motion to Vacate Arbitration and Confirming Arbitration Ruling) and 39 (Judgment). The Sixth Circuit Court of Appeals affirmed the Court's Order. (Case No. 11-13869, Doc. No. 45) The Sixth Circuit Mandate issued on September 23, 2016. (Case No. 11-13869, Doc. No. 46) Samaan cannot relitigate the claims relating to his employment with Defendant General Dynamics, which ended on June 30, 2011. (Complaint in this case, Doc. No. 1, ¶ 5, Pg ID 2). Samaan's claims regarding his employment status are barred by the doctrine of *res judicata*.

In its modern form, the doctrine of *res judicata* involves both "claim

preclusion" and "issue preclusion." *See Migra v. Warren City School District Bd. of Educ.*, 465 U.S. 75, 77 n. 1 (1984). Claim preclusion involves three elements: 1) there must be a final judgment on the merits on the prior lawsuit; 2) the same claims are involved; and 3) the same parties or their privies are involved. *EEOC v. United States Steel Corp.*, 921 F.2d 489, 493 (3rd Cir. 1990); *Montana v. United States*, 440 U.S. 147, 153-54 (1979); *James v. Gerber Products Co.*, 587 F.2d 324, 327-28 (6th Cir. 1978). *Res judicata* requires that a plaintiff initially raise all claims in prior suits and therefore bars those claims from being litigated at some future time. See *Rivers v. Barberton Board of Education*, 143 F.3d 1029, 1031-32 (6th Cir. 1998).

The Court entered a Judgment against Samaan, the same claims–his claims regarding his employment status–are involved, and the same parties (Samaan and General Dynamics) are involved. Samaan's claims relating to his employment status are barred by the doctrine of *res judicata*.

Accordingly,

IT IS ORDERED that Plaintiff/Relator Said Samaan's Motion for *Pro Se* Status and Extension of Time to Serve **(Doc. No 12)** is DENIED and any False Claims Act counts filed on behalf of the United States are DISMISSED.

IT IS FURTHER ORDERED that any claims relating to Plaintiff/Relator Said Samaan's employment with Defendant General Dynamics are DISMISSED with

prejudice based on the doctrine of *res judicata*.

IT IS FURTHER ORDERED that this action is designated as CLOSED on the Court's docket.

S/Denise Page Hood  
Denise Page Hood  
Chief Judge, United States District Court

Dated: March 19, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 19, 2018, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry  
Case Manager